**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CREATIVE MARKETING ALLIANCE, INC., | : : : | CIVIL ACTION NO. 09-518 (MLC) |
| Plaintiff, | : : | **MEMORANDUM OPINION** |
| v. | : : | |
| CONSOLIDATED SERVICES GROUP, INC., | : : : | |
| Defendant. | : : | |

**COOPER**, **District Judge**

Plaintiff, Creative Marketing Alliance, Inc., brought this action against defendant, Consolidated Services Group, Inc., to, inter alia, recover damages for breach of contract. (Dkt. entry no. 1, Compl.) Defendant now moves to compel arbitration pursuant to 9 U.S.C. § ("Section") 3 and to stay the proceedings. (Dkt. entry no. 3, Mot. to Compel.) Plaintiff opposes the motion. (Dkt. entry no. 5, Pl. Opp'n.) The Court determines the motion on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). The Court, for the reasons stated herein, will deny the motion.

**BACKGROUND**

Plaintiff and defendant entered into an agreement under which plaintiff served as the marketing communications agency for defendant ("Agreement"). (Compl., Ex. A, Agreement at 1.) Under the Agreement, plaintiff provided certain services to defendant,

and defendant agreed to pay plaintiff for the services in accordance with the fee schedule set forth in the Agreement. (Compl. at 2-3; Agreement at 1-2.)  The initial term of the Agreement was one year, but the Agreement would automatically renew annually for an additional one-year period unless either party gave written notification of termination ninety days before the end of the current contract year.  (Compl. at 4; Agreement at 1-3.)

The Agreement also contained language pertaining to dispute resolution.  (See Agreement at 3.)  The Agreement, in pertinent part, provided

> **Termination**
>
> . . .
>
> If any disputes concerning the terms, conditions of this contract, and fees due cannot be remedied by the parties, they shall be submitted for arbitration to the American Arbitration Association.
>
> **Arbitration/Attorney's Fees**
>
> Any controversy or claim arising out of or relating to this contract or the breach thereof, shall attempt to be settled by arbitration, in accordance with the rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction.
>
> In the event that it is necessary for [plaintiff] to employ an attorney or to bring suit to recover any sums due it hereunder, the prevailing party shall be entitled to a reasonable sum as attorney's fees.

> **Governing Laws**
>
> This Agreement shall be governed by the laws of the State of New Jersey, applicable to contracts entered into and to be wholly performed within said State without reference to choice or conflict of law rules otherwise applicable. The parties consent to and agree that the United States Federal District Court for the District of New Jersey shall have sole and exclusive jurisdiction to resolve any interpretation, construction, breach, dispute or other controversy arising out of, connected with or associated with this Agreement.

(Id. at 2-3.)

Plaintiff alleges that defendant wrongfully terminated the Agreement by providing written notification of termination fewer than ninety days before the end of the contract year. (Compl. at 4.) Because defendant did not terminate the Agreement within the specified time, the Agreement, plaintiff alleges, automatically renewed for an additional year. (Id.) Plaintiff brought this action to recover sums (1) due for unpaid invoices, and (2) "to make Plaintiff whole for the wrongfully terminated renewal term." (Id.) Defendant now moves to compel arbitration under Section 3 and to stay the proceedings. (Mot. to Compel.) Plaintiff opposes the motion. (Pl. Opp'n.)

## DISCUSSION

**I.   Applicable Legal Standards**

Section 3 of the Federal Arbitration Act provides that where the parties have a valid and enforceable arbitration agreement, a court "shall on application of one of the parties stay the trial

of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3; see also Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 263 (3d Cir. 2003).  Arbitration agreements are enforceable to the same extent as other contracts, and there is a "strong federal policy in favor of the resolution of disputes through arbitration." Alexander, 341 F.3d at 263.  Before compelling arbitration under Section 3, however, a court must "determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement."  Kirleis v. Dickie, McCamey & Chilcote, P.C., – F.3d –, 2009 WL 750415, at *2 (3d Cir. Mar. 24, 2009); see also Sarbak v. Citigroup Global Mkts., Inc., 354 F.Supp.2d 531, 536 (D.N.J. 2004).  State contract law applies to determine whether the parties have a valid agreement to arbitrate.  Kirleis, 2009 WL 750415, at *2; Alexander, 341 F.3d at 264.  The federal presumption favoring arbitration does not apply to the determination of whether the parties entered into a valid arbitration agreement.  Kirleis, 2009 WL 750415, at *3; Marciano v. MONY Life Ins. Co., 470 F.Supp.2d 518, 526 & n.12 (E.D. Pa. 2007).

New Jersey law applies to the Agreement.  (See Agreement at 3.)  New Jersey has a policy favoring arbitration as a means of dispute resolution.  Martindale v. Sandvik, Inc., 800 A.2d 872, 877 (N.J. 2002).  Based on this policy, arbitration agreements

4

should be read liberally in favor of arbitration.  <u>Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A.</u>, 773 A.2d 665, 670 (N.J. 2001).  Absent a consensual understanding, however, neither party may force the other to arbitrate their dispute.  <u>Id.</u>  A contractual provision in which a party elects arbitration as the exclusive remedy must be read in light of its effect on the party's right to sue.  <u>Marchak v. Claridge Commons, Inc.</u>, 633 A.2d 531, 535 (N.J. 1993); <u>Quigley v. KPMG Peat Marwick, LLP</u>, 749 A.2d 405, 416 (N.J. App. Div. 2000).  "A clause depriving a citizen of access to the courts should clearly state its purpose.  The point is to assure that the parties know that in electing arbitration as the exclusive remedy, they are waiving their time-honored right to sue."  <u>Marchak</u>, 633 A.2d at 535; <u>see</u> <u>Garfinkel</u>, 773 A.2d at 670.  Thus, to constitute a party's waiver of litigation rights, the contract provision "must be clearly and unmistakably established, and contractual language alleged to constitute a waiver will not be read expansively."  <u>Garfinkel</u>, 773 A.2d at 670 (quotation and citation omitted); <u>see also</u> <u>Quigley</u>, 749 A.2d at 416.  Ambiguous language should be construed against the interest of the drafting party.  <u>Quigley</u>, 749 A.2d at 416.

## II.  Legal Standards Applied Here

Defendant argues that the parties entered into a valid agreement to arbitrate.  (Dkt. entry no. 3, Def. Br. at 6.)

5

Defendant asserts that the Agreement contained two mandatory arbitration provisions, a choice of law provision, and a jurisdictional provision.  (Id. at 8.)  The proper interpretation of the Agreement, defendant contends, is that any and all disputes must be submitted to arbitration applying New Jersey law, and any arbitration award must be enforced in the United States District Court for the District of New Jersey.  (Id.; dkt. entry no. 6, Def. Reply Br. at 7, 10-12.)  Defendant contends that this interpretation, requiring arbitration, is unambiguous.  (Def. Br. at 7-9.)  Defendant further argues that any ambiguities that do exist should be construed against plaintiff, the party that drafted the Agreement.  (Id. at 9-10; Def. Reply Br. at 11.)

Plaintiff argues that the Agreement requires the parties to submit to mediation, not arbitration, before litigation, and plaintiff did not waive its right to litigation.  (Pl. Opp'n at 5.)  Plaintiff argues that the Agreement's language - particularly the language vesting the District of New Jersey with "sole and exclusive jurisdiction" - shows that the parties did not intend arbitration to be the exclusive method of dispute resolution.  (Id. at 6-7.)  Plaintiff further asserts that its interpretation of the Agreement is consistent with the parties' intent.  (Id. at 7-8.)

The Court finds that the Agreement is ambiguous as to whether arbitration is the exclusive remedy and therefore will

not compel arbitration of this dispute.  The Agreement, on one hand, provides for arbitration.  (See Agreement at 3 ("If any disputes concerning the terms, conditions of this contract, and fees due cannot be remedied by the parties, they shall be submitted for arbitration to the American Arbitration Association.").)

The Agreement, however, also allows for the possibility of litigation.  (See id. ("The parties consent to and agree that the United States Federal District Court for the District of New Jersey shall have sole and exclusive jurisdiction to resolve any interpretation, construction, breach, dispute or other controversy arising out of, connected with or associated with this Agreement.").)  Further, even the provisions under the heading "Arbitration/Attorney's Fees" do not make clear that arbitration is the exclusive remedy under the Agreement.  (See id. (stating that "[a]ny controversy or claim arising out of or relating to this contract or the breach thereof, shall <u>attempt to be settled</u> by arbitration" (emphasis added)); id. (including a provision for attorney's fees "[i]n the event that it is necessary for [plaintiff] . . . to bring suit to recover any sums due").)  See Marchak, 633 A.2d at 535 ("A clause depriving a citizen of access to the courts should clearly state its purpose.").  The Agreement does not state in clear and unmistakable terms - or in any terms - that the parties elected

arbitration as the exclusive remedy and waived their right to litigation.  (See Agreement.)  See Garfinkel, 773 A.2d at 670 (requiring party's waiver of litigation rights be "clearly and unmistakably established").  Thus, the Court finds that the Agreement is not a valid arbitration agreement and will not compel arbitration of plaintiff's claims.  See Marchak, 633 A.2d at 282-83 (finding contract did not contain valid arbitration agreement because "agreement simply [did] not state that the [claimant] elect[ed] arbitration as the sole remedy"); see also Sarbak, 354 F.Supp.2d at 539 (recognizing that arbitration clauses must refrain from ambiguous language because for a party to knowingly waive litigation rights, arbitration clause must clearly state that as its purpose).

Defendant argues that the Agreement is not ambiguous because the provision vesting the District of New Jersey with "sole and exclusive jurisdiction" should be read as giving the District of New Jersey jurisdiction only over the enforcement and execution of the arbitration award.  (Def. Br. at 8, 10; Def. Reply Br. at 2, 11-12.)  This interpretation, however, contradicts the plain language of the Agreement.  The Agreement states "[t]he parties consent to and agree that the United States Federal District Court for the District of New Jersey shall have sole and exclusive jurisdiction <u>to resolve any interpretation, construction, breach, dispute or other controversy</u> arising out

8

of, connected with or associated with this Agreement." (Agreement at 3 (emphasis added).) In an action to enforce an arbitration award, a district court can only confirm, vacate, modify, or correct an arbitration award, and can only vacate, modify, or correct under limited circumstances. 9 U.S.C. §§ 9-11. Further, in such an action, a district court's review of the arbitrator's award is extremely deferential. Metromedia Energy, Inc. v. Enserch Energy Servs., Inc., 409 F.3d 574, 578 (3d Cir. 2005). A district court, in an action to enforce an arbitration award, does not have "sole and exclusive jurisdiction to resolve any interpretation, construction, breach, dispute or other controversy" arising from the contract at issue. See 9 U.S.C. §§ 9-11; see also Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237, 240-41 (3d Cir. 2005). Defendant's proposed interpretation, therefore, contradicts the plain language of the Agreement.

## CONCLUSION

The Court, for the reasons stated supra, will deny the motion to compel arbitration and to stay the proceedings. The Court will issue an appropriate order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    April 14, 2009

9