**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                           :
CREATIVE MARKETING               :    CIVIL ACTION NO. 09-518 (MLC)
ALLIANCE, INC.,                  :
                                 :
        Plaintiff,               :         MEMORANDUM OPINION
                                 :
        v.                       :
                                 :
CONSOLIDATED SERVICES            :
GROUP, INC.,                     :
                                 :
        Defendant.                :
                                 :
```

**THE COURT** having issued an Order on April 14, 2009 ("4-14-09 Order") denying defendant's motion to compel arbitration and stay the proceedings (dkt. entry no. 8, 4-14-09 Order); and defendant moving for reconsideration of the 4-14-09 Order pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and Local Civil Rule 7.1(i) (dkt. entry no. 9, Mot. for Recons.); and plaintiff opposing the motion (dkt. entry no. 10, Pl. Br.); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) that is granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a court may grant a motion for reconsideration if the movant shows

at least one of the following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice, id.; Cataldo, 361 F.Supp.2d at 432-33; and it also appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision."), or (2) the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision, Tehan, 111 F.Supp.2d at 549; and it further appearing that a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the court, Mauro v. N.J. Sup. Ct., 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

**DEFENDANT** now arguing that a clear error of law and overlooked precedent warrant reconsideration of the 4-14-09 Order (dkt. entry no. 9, Def. Br. at 1, 5-9); and defendant identifying First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995) as the overlooked precedent (id. at 5-6); and defendant arguing that under First Options if there is clear and unmistakable evidence

that a contract commits the threshold question of arbitrability to arbitration, then a court must order the parties to arbitrate that question (id.); and defendant further asserting that the agreement between plaintiff and defendant ("Agreement") incorporates by reference the American Arbitration Association's Commercial Arbitration Rules ("Rules"), which give the arbitrator power to determine "any objections with respect to the existence, scope or validity of the arbitration agreement" (id. at 6); and defendant arguing that this reference is clear and unmistakable evidence that the parties intended an arbitrator, not the Court, to decide issues of arbitrability (id. at 6-7); and defendant further arguing that even if the parties did not agree to arbitrate the question of arbitrability, the Court must still compel arbitration unless the arbitration clause is not susceptible to an interpretation covering the dispute (id. at 8); and

    **PLAINTIFF** asserting in opposition that defendant's arguments are inappropriate because defendant raised them for the first time in this motion (Pl. Br. at 3-4); and plaintiff also arguing that incorporation of the Rules does not override the Agreement, which does not require arbitration as an exclusive remedy (id. at 6); and plaintiff further contending that the Court, not an arbitrator, should decide in the first instance whether the dispute is to be resolved through arbitration (id. at 7); and

**THE COURT** noting that in First Options, the United States Supreme Court recognized that whether a court or an arbitrator has primary authority to decide whether a party has agreed to arbitrate depends upon what the parties agreed about that issue, 514 U.S. at 942-43; and the Court noting that if the parties agreed to submit the arbitrability question itself to arbitration, then the arbitrator has primary authority to decide that question, id. at 943; but the Court also noting that if the parties did not agree to submit the arbitrability question to arbitration, then the court, not the arbitrator, should independently decide whether the parties agreed to arbitrate, id.; and the Court further noting that a court should apply ordinary state-law principles, with one qualification, to decide whether the parties agreed to arbitrate the arbitrability question, id. at 944; and the Court recognizing the qualification that a court "should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakeabl[e]' evidence that they did so," id. (alteration in original); and the Court further recognizing that a court is presumed to have primary authority to decide the arbitrability question where the agreement is silent or ambiguous about who is to decide that question, id.; and

**THE COURT** finding that the Agreement is ambiguous as to whether the Court or an arbitrator has primary authority to

decide if plaintiff agreed to arbitrate; and the Court finding that the Agreement does incorporate the Rules by reference, which indicates that an arbitrator has authority to decide the arbitrability question (Def. Br., Ex. A, Agreement at 3), <u>Bapu Corp. v. Choice Hotels Int'l, Inc.</u>, No. 07-5938, 2008 WL 4192056, at *4 (D.N.J. Sept. 8, 2008); but the Court also finding that the Agreement vests this Court with "sole and exclusive jurisdiction to resolve any interpretation, construction, breach, dispute or other controversy arising out of, connected with or associated with this Agreement," which includes the arbitrability question (Agreement at 3); and the Court noting that incorporation of the Rules into the Agreement is not clear and unmistakable evidence because it conflicts with the Agreement's language giving the Court authority to decide the arbitrability question (<u>see</u> <u>id.</u>); and the Court thus concluding that the Agreement does not contain clear and unmistakable evidence that the parties agreed to have an arbitrator decide the arbitrability question, <u>see</u> <u>First Options</u>, 514 U.S. at 944 (requiring clear and unmistakable evidence of the parties' agreement to arbitrate the arbitrability question); and the Court further concluding that absent this clear and unmistakable evidence, the Court, not an arbitrator, has authority to determine whether the parties agreed to arbitrate, <u>id.</u>; <u>see also</u> <u>AT & T Techs., Inc. v. Commc'ns Workers of Am.</u>, 475 U.S. 643, 649 (1986) ("Unless the parties clearly and

unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."); and

**THE COURT** having concluded in its Memorandum Opinion of April 14, 2009 that the parties did not agree to arbitrate this dispute, that is, the Court found that the parties did not have a valid arbitration agreement (dkt. entry no. 7, 4-14-09 Mem. Op. at 6-8; id. at 8 "[T]he Court finds that the Agreement is not a valid arbitration agreement."); and the Court emphasizing that this conclusion pertains to the validity, not the scope, of the arbitration agreement, see Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) (instructing courts, before compelling arbitration, to "determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement"); and the Court thus concluding that defendant has not shown a clear error of law warranting reconsideration of the 4-14-09 Order;[1] and

---

[1] Defendant's assertion that the Court must compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute" is incorrect. (See Def. Br. at 8 (citing AT & T Techs., Inc., 475 U.S. at 650).) In quoting from AT & T Technologies, Inc., defendant omitted the part of the sentence limiting the rule to situations "where the contract contains an arbitration clause." AT & T Techs., Inc., 475 U.S. at 650. Here, the Court concluded that a valid arbitration clause does not exist, and therefore the Court need not compel arbitration based on the plausibility of defendant's claim that the dispute should be resolved by arbitration.

**THE COURT** finding that defendant does not argue for reconsideration based on availability of new evidence or an intervening change in the controlling law (see Def. Br.), see Max's Seafood Café, 176 F.3d at 677; and the Court finding that defendant has not shown a clear error of law or fact, see Max's Seafood Café, 176 F.3d at 677; and the Court concluding that reconsideration of the 4-14-09 Order is therefore inappropriate; and the Court having considered the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 7.1(i); and the Court thus intending to deny the motion; and for good cause appearing, the Court will issue an appropriate order.[2]

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: May 12, 2009

---

[2] The Court notes that reply papers are not permitted on a motion for reconsideration. L.Civ.R. 7.1(d)(3) ("No reply papers shall be filed on a motion for reconsideration pursuant to L.Civ.R. 7.1(i) or on a cross-motion, unless the Court otherwise orders.").